[No. B034853. Second Dist., Div. Four. June 28, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
JUDGE HILLARD, JR., Defendant and Appellant.

**COUNSEL**

Tyrone I. Toczauer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Donald E. De Nicola and William R. Weisman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GOERTZEN, J.**—Judge Hillard, Jr., appeals the judgment following his conviction after a jury trial of assault with the intent to commit rape (Pen. Code, § 220) and trespass (Pen. Code, § 602, subd. (*l*)).

He contends that "[t]he law does not recognize the crime for which [he] was convicted, assault with intent to commit spousal rape, and he should therefore be acquitted."

The trial evidence established that, during the evening of December 9, 1987, appellant twice telephoned his estranged wife, from whom he had been separated for 14 months. He claimed that he wanted a reconciliation. She refused. Then he arrived at her Inglewood apartment uninvited several hours later. She did not answer the door, so he went to the back of the apartment and spoke to her through the rear windows. She again did not reply.

Finally, appellant broke a bedroom window with an ax handle and entered the apartment. His wife attempted to flee, but appellant grabbed her. He pushed her onto her sofa. Then he pushed her into her bedroom and onto the bed. He pulled the telephone from the wall and disrobed. He put his hand over her mouth to prevent her from screaming. She resisted but he

climbed on top of her on the bed with an erection and attempted sexual intercourse.

The police arrived. Appellant refused to answer the door. After his wife screamed, the police entered through a window. They found appellant nude in the apartment. An ax handle was lying on the living room floor. His wife, who was hysterical, was wearing a torn nightgown.

The information charged "the crime of ASSAULT WITH INTENT TO COMMIT RAPE, in violation of PENAL CODE SECTION 220, a Felony, was committed by [appellant], who did willfully and unlawfully assault [his wife] with the intent to commit rape in violation of Penal Code section 261 (2) and (3)."

At the close of the People's case, appellant moved for an acquittal of the assault offense pursuant to Penal Code section 1118.1.

Appellant urged that he had not committed rape in violation of Penal Code section 261 and was thus entitled to an acquittal. Appellant also asserted that Penal Code section 220 did not specifically enumerate the offense of spousal rape and, thus, appellant could only be charged, if at all, with attempted spousal rape pursuant to Penal Code section 664/262.

In response to the Penal Code section 1118.1 motion, the trial court permitted the People to amend the information to charge that appellant assaulted the victim "with the intent to commit rape in violation of Penal Code section 262(a)." It denied appellant's Penal Code section 1118.1 motion and his request that, if any amendment was made to the information, that appellant be charged with attempted spousal rape, an offense specifying a lesser punishment than proscribed in Penal Code section 220.

In defense, appellant denied assaulting his wife with the intent to rape her. He claimed that he had forcibly broken into the apartment for the purpose of discussing reconciliation and that he had crawled into her bed to spend the night.

## DISCUSSION

The contention that Penal Code 220 does not include within its enumerated offenses the rape of a spouse as defined in Penal Code section 262 is meritless.[1]

---

[1] Penal Code section 220 provides as follows: "Every person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288 or 289 is punishable by imprisonment in the state prison for two, four, or six years."

Appellant properly does not challenge the propriety of the belated amendment of the information. The amendment was unnecessary in this instance. ■ It is settled that even a reference to the wrong statute in the accusatory pleading is of no consequence under circumstances where the specific allegations in the accusatory pleading and the evidence at the preliminary hearing give a criminal defendant notice of the charge lodged against him. (*People* v. *Thomas* (1987) 43 Cal.3d 818, 826 [239 Cal.Rptr. 307, 740 P.2d 419]; *People* v. *Mosher* (1969) 1 Cal.3d 379, 399 [82 Cal.Rptr. 379, 461 P.2d 659].)

■ Our examination of the relevant statutes reveals that the "rape" referred to in Penal Code section 220 refers to "rape" as defined in Penal Code section 262, as well as the "rape" as defined in Penal Code section 261. The Legislative Counsel's Digest of Assembly Bill No. 546 (4 Stats. 1979 (Reg. Sess.) Summary Dig. p. 301) explicitly states that the Legislature's intent in adding Penal Code section 262 to the code in 1979 was to redefine the offense of rape.

The Summary Digest says: "Existing law defines rape as an act of sexual intercourse accomplished under any of specified circumstances with a female not the wife of the perpetrator. [¶] This bill would instead provide two definitions of rape. First, rape would be defined as an act of sexual intercourse accomplished under any of specified circumstances with a person not the spouse of the perpetrator. Second, rape would be defined to include an act of sexual intercourse with the spouse of the perpetrator accomplished under force, violence or specified threat. With respect to rape of a spouse, arrest and prosecution would be prohibited unless the violation is reported

Penal Code section 262, subdivision (a), provides: "Rape of a person who is the spouse of a perpetrator is an act of sexual intercourse accomplished against the will of the spouse by means of force or fear of immediate and unlawful bodily injury on the spouse or another, or where the act is accomplished against the victim's will by threatening to retaliate in the future against the victim or any other person, and there is a reasonable possibility that the perpetrator will execute the threat. As used in this subdivision 'threatening to retaliate' means a threat to kidnap or falsely imprison, or to inflict extreme pain, serious bodily injury, or death."

Penal Code section 261 provides: "Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances: . . . . [¶] (2) Where it is accomplished against a person's will by means of force, violence, or fear of immediate and unlawful bodily injury on the person or another. [¶] (3) Where a person is prevented from resisting by any intoxicating or anesthetic substance, or any controlled substance, administered by or with the privity of the accused."

Penal Code section 264 provides: "Rape, as defined in Section 261, is punishable by imprisonment in the state prison for three, six, or eight years. Rape, as defined in Section 262, is punishable either by imprisonment in the county jail for not more than one year or in the state prison for three, six, or eight years. Unlawful sexual intercourse, as defined in Section 261.5, is punishable either by imprisonment in the county jail for not more than one year or in the state prison."

within 30 days, as specified. [¶] The bill would also make other changes conforming related provisions of such definitions."

It is evident that the Legislature added Penal Code section 262 for the sole purpose of eliminating the marital exemption for forcible spousal rape, and not to define a new and separate offense, apart from rape by a stranger, of spousal rape. (Blay-Cohen & Coster, *Marital Rape in California: For Better Or For Worse* (1980) 8 San Fernando Val.L.Rev. 239, 254-255; Barry, *Spousal Rape: The Uncommon Law* (1980) 66 A.B.A. J. 1088, 1090.)

Since there is an express statement of the bill's intent within its legislative history, we must reject appellant's claim that Penal Code section 262 sets forth a separate and distinct offense from the rape offense proscribed in Penal Code section 261.

The 1970 Legislature's intent in creating a new and separate offense for unlawful sexual intercourse with a child under the age of 18 in Penal Code section 261.5, and the simultaneous deletion of unlawful sexual intercourse from Penal Code section 261's various definitions for rape, have no bearing on the 1979 Legislature's intent in adding Penal Code section 262 to the code. (See *People* v. *Puckett* (1975) 44 Cal.App.3d 607, 611 [118 Cal.Rptr. 884].)

The judgment is affirmed.

Woods (A. M.), P. J., and McClosky, J., concurred.